PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHASTITY SHOVONNE EVEGE, | ) | |
| | ) | CASE NO. 1:23-CV-780 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 14] |

On February 6, 2024, the assigned magistrate judge issued a Report and Recommendation affirming the Commissioner's final decision regarding Plaintiff's application for Supplemental Security Income benefits. *See* ECF No. 13. Plaintiff timely filed an objection to the Report and Recommendation. *See* ECF No. 14. The Commissioner filed a response to Plaintiff's objection. *See* ECF No. 15. For the reasons stated below, the Court overrules Plaintiff's objection and adopts the magistrate judge's Report and Recommendation (ECF No. 13), affirming the Commissioner's final decision.

**I. Background**

In April 2018, Plaintiff Chastity Shovonne Evege filed an application for Supplemental Social Security Income ("SSI"). ECF No. 7 at PageID #: 131. In September 2020, an ALJ found that Plaintiff was not disabled. ECF No. 7 at PageID #: 145.

In December 2020, Plaintiff filed a second application for Supplemental Social Security Income ("SSI"), alleging a disability onset date of October 13, 2017. ECF No. 7 at PageID #: 77. After her application was denied, Plaintiff requested a hearing for reconsideration, which

(1:23-CV-780)

occurred on January 21, 2022.  ECF No. 7 at PageID #: 77.  At the hearing, upon the advice of her counsel, Plaintiff amended her alleged onset date to December 9, 2020.  ECF No. 7 at PageID #: 77.  On February 1, 2022, the ALJ found that Plaintiff was not disabled.  ECF No. 7 at PageID #: 89.  On February 15, 2023, the Appeals Council declined Plaintiff's request for further review, making the ALJ's denial of benefits the Agency's final decision.  ECF No. 7 at PageID #: 63.

      Plaintiff then filed her Complaint before the Court.  See ECF No. 1.  The Report and Recommendation issued by the magistrate judge addressed Plaintiff's assignment of error.  Ultimately, the magistrate judge held that the ALJ's RFC was supported by substantial evidence and the ALJ provided adequate support for his "'overall' finding that 'the evidence did [not] support more than mild to moderate functional limitation as a result of the claimant's mental health impairment nor [was] there evidence of new and material changes regarding the claimant's mental health since the prior ALJ['s] decision.'"  ECF No. 13 at PageID #: 1289; ECF No. 13 at PageID #: 1311.

      Following the issuance of the magistrate judge's Report and Recommendation, Plaintiff timely raised an objection asserting that the magistrate judge erred in finding that "the revised social limitations are clearly explained by the evidence in record."  ECF 14 at PageID #: 1319.  The Commissioner of Social Security Administration responded, requesting that the Court overrule Plaintiff's objection.  See ECF No. 15.

### I.  Standard of Review

      The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within

(1:23-CV-780)

fourteen days of service. *Id.*; Fed. R. Civ. P. 72(b)(2). Objections to the Report and Recommendation must be sufficiently specific to focus the court's attention on contentious issues. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence exists when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Besaw v. Sec'y of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers may go either way, without interference by the courts. An administrative decision is not subject to

3

(1:23-CV-780)

reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

## II. Discussion

Plaintiff objects to the magistrate judge's Report and Recommendation, arguing that the magistrate judge erred in determining that "the revised social limitations are clearly explained by the evidence in record." ECF No. 14 at PageID #: 1319. Plaintiff explains the error is twofold: "first, ALJ Hartranft changed the prior RFC finding without a valid basis; and, secondly, ALJ Hartranft failed to identify the evidence in the record that supports the new findings." ECF No. 14 at PageID #: 1319. Defendant responds the objection should be rejected because "the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision is supported by substantial evidence in the record." ECF No. 15 at PageID #: 1333.

The ALJ from Plaintiff's first application for Supplemental Social Security Income found that Plaintiff "can tolerate occasionally but superficial interaction with coworkers, supervisors, and the public, superficial being that which is beyond the performance of job duties and job functions, for a specific purpose, and a short duration." ECF No. 14 at PageID #: 1320. The ALJ in Plaintiff's second application for Supplemental Social Security Income, *i.e.* the ALJ in the instant case, found Plaintiff is limited to "occasional interaction with the general public, co-workers and supervisors with no customer service responsibilities and no tandem tasks." ECF No. 7 at PageID #: 85. Plaintiff argues the mental RFC finding by the second ALJ is less restrictive, constituting an error because the second ALJ indicated he was adopting the prior ALJ's RFC finding. The Court disagrees.

In *Reeves v. Commissioner of Social Security*, the Sixth Circuit "viewed any 'distinction' between the adjective 'superficial' and the term 'occasional' interactions as irrelevant, because

4

(1:23-CV-780)

the terms are not in conflict but are consistent in the context of a vocational RFC finding." *Stephen D. v. Comm'r of Soc. Sec.*, 2023 WL 4991918, *8 (S.D. Ohio Aug. 4, 2023), *report and recommendation adopted*, 2024 WL 2204735 (S.D. Ohio May 16, 2024); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).[1] Following Sixth Circuit precedent, the Court finds that the ALJ in the instant case did not change the RFC finding because the terms are consistent.

      Furthermore, "courts have found limitations to no team or tandem tasks properly account for a limitation on superficial interactions with others." *Duma-Quigley v. Comm'r of Soc. Sec.*, 2023 WL 3016861, at *4 (N.D. Ohio Apr. 20, 2023) (citing *Kearns v. Comm'r of Soc. Sec.*, 2020 WL 2841707, at *12 (N.D. Ohio Feb. 3, 2020), *report and recommendation adopted*, 2021 WL 2839654; *Romo v. Comm'r of Soc. Sec.*, 2021 WL 5040385, at *7 (N.D. Ohio July 9, 2021), *report and recommendation adopted*, 2021 WL 44370762). Therefore, because no change occurred, the second portion of Plaintiff's objection is without merit.

---

[1] Other district courts within the Sixth Circuit have found the term "superficial" unimportant and unhelpful. District courts have held that an ALJ does not err in describing "superficial" as vocationally vague or when an ALJ's RFC finding holds that the term "superficial" does not have a defined meaning for purposes of vocational testimony. *Stephen D.*, 2023 WL at 10-12 (collecting cases).

5

(1:23-CV-780)

### III. Conclusion

For the reasons stated above, Plaintiff's objection (ECF No. 14) is overruled. The Court finds that the ALJ did not change the social limitations contained in the mental RFC finding after indicating that he was adopting the RFC finding of the prior ALJ.

The Report and Recommendation (ECF No. 13) is adopted. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| June 28, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson <br> United States District Judge |